HON. DAVID C. GROW Corporation Counsel, Rome
This is in response to your letters of January 13, 1976 and January 20, 1976, asking for an opinion of the Attorney General relating to the following. You state that the original Charter of the City of Rome approved by the electors of said City included a section 42, which read as follows:
 "The common council shall have the power and it shall be its duty by ordinance to designate the different rooms and offices in the city hall to be occupied by the various courts, officers, boards and departments of said city." (Emphasis supplied.)
You point out that Local Law No. 3 of 1960 of the City of Rome, attempted to amend section 42 of the Charter and read, in part, as follows:
 "Section 1 — Section 42 of the City Charter of the City of Rome, New York, adopted as a local law by vote of the electors on November 5, 1957, shall hereby be amended to read and provide as follows: (matter in brackets deleted; matter in capitals added)
 "SECTION 42 CITY HALL: DESIGNATION OF ROOMS AND OFFICES.
 "The common council shall have the power and it shall be its duty by ordinance to designate the different rooms and offices (in the city hall) to be occupied by the various courts, offices, boards and departments of said city." (Emphasis supplied.)
Your specific question is whether or not Local Law No. 3 of 1960 of the City of Rome, did indeed amend section 42 of the Charter of the City of Rome since it was not submitted to a mandatory referendum as provided for in Municipal Home Rule Law, § 23(2) (f), which states:
 "2. Except as otherwise provided by or under authority of a state statute, a local law shall be subject to mandatory referendum if it:
* * *
 "f. Abolishes, transfers or curtails any power of an elective officer."
We call to your attention that in 1960, Municipal Home Rule Law was not yet enacted. However, City Home Rule Law, which existed at that time, in section 15 thereof, contained identical language to that now found in Municipal Home Rule Law, § 23 (2) (f), as quoted above. The City Home Rule Law was repealed in its entirety and superseded by the Municipal Home Rule Law, § 58, effective January 1, 1964, upon approval by the people on November 5, 1963 of the constitutional amendment referred to in section 59 of the latter statute.
The Charter of the City of Rome in Article V, thereof, prescribes the powers and duties of the Mayor of the City of Rome, in part, as follows:
"Sec. 50. Executive power.
 "The executive power of the city is vested in the mayor and in such executive officers and departments as are or may be created by law, local law, or by ordinance.
* * *
"Sec. 53. Duties of mayor; complaint clerk.
 "(1) It shall be the duty of the mayor to see that the city officers and departments faithfully perform their duties; to maintain peace and good order within the city * * *.
* * *
"Sec. 56. Additional powers and duties.
 "The mayor shall have such other powers and perform such other duties as may be prescribed in this charter or by other laws of the state or by local law or ordinance, not inconsistent with law. * * *"
We agree with your view that the Charter of the City of Rome, § 42, as originally enacted restricted the Common Council to designate rooms and offices only in City Hall for the various courts, officers, boards and departments of said City and the broad language contained in the Charter of the City of Rome, Article V, gave the Mayor similar powers in the remainder of the City outside the confines of City Hall.
It is our opinion that Local Law No. 3 of 1960 of the City of Rome was not properly enacted under the then City Home Rule Law, § 15(5), since it attempted to abolish and curtail certain powers of the elective Mayor and was subject to mandatory referendum. Failure to submit such Local Law for the approval of the electors at a referendum, rendered such Local Law nugatory and the Charter of the City of Rome, § 42, as originally enacted is presently in full force and in effect.